UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BRIDGETTE C. BOVELL-CHESTER,

                Plaintiff,                    **ORDER**
                                                                     CV 04-1505 (ADS)(ARL)

      -against-

UNIVERSITY AT STONY BROOK, STATE
UNIVERSITY OF NEW YORK-LONG ISLAND
STATE VETERANS HOME,

                Defendant.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' letter dated September 19, 2005 seeking a brief extension of the discovery deadline for the limited purpose of completing the plaintiff's deposition and an order compelling the plaintiff to appear for her deposition during normal business hours. Plaintiff opposes the application by letter dated September 22, 2005. Plaintiff's opposition also seeks an order compelling defense counsel to stop contacting her by e-mail at her place of business. For the reasons that follow, the applications are **GRANTED**.

      By order dated July 22, 2005, this court extended the discovery deadline to September 19, 2005. The parties have apparently had some difficulty in meeting this deadline with regard to the completion of the plaintiff's deposition. While defendants have not provided an explanation as to why they waited until September 8, 2005 to first contact the plaintiff to schedule the completion of her deposition, they claim that they were unable to agree upon a mutually agreeable date and time for the deposition. Accordingly, defendants served plaintiff with a subpoena on September 13, 2005 commanding her appearance on September 16, 2005. Plaintiff did not appear, claiming that the short notice provided by the defendants did not allow her an opportunity to rearrange her work schedule and family obligations. While plaintiff had apparently advised the defendants that she will only make herself available after 5:30 p.m. due to her work schedule, she seems to have abandoned that position.

      As a threshold matter, reasonable notice of a deposition is required by the Federal Rules of Civil Procedure. See Fed. R. Civ. Pro. 30(b)(1). Because the Federal Rules of Civil Procedure do not set any specific notice period, courts have required that notice be reasonable under the facts and circumstances of the particular case. See, e.g., Davidson v. Dean, 204 F.R.D. 251, 256 (S.D.N.Y. 2001). Here, the courts finds that the three day notice provided to the plaintiff was unreasonable given the plaintiff's known work commitments. Thus, the parties are directed to confer to schedule the completion of the plaintiff's deposition during regular business hours on a mutually agreeable date before **October 21, 2005.** If the parties cannot agree on the date, defendants shall schedule the deposition so as to provide the plaintiff with at least seven days

advance notice. Plaintiff is warned that her failure to appear for the completion of her deposition may lead to a recommendation to District Judge Spatt that the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. Pro. 41(b) Any party seeking to make a summary judgment motion must serve the Rule 56.1 statement by October 31, 2005. The responding party shall have seven days to serve a counterstatement. The final conference before the undersigned is adjourned to **November 15, 2005 at 2:00 p.m**. The proposed joint pretrial order shall be submitted in advance of the final conference.

Finally, defense counsel is directed to cease all communication with the plaintiff via her business e-mail account provided that the plaintiff provides defense counsel with her personal e-mail address or telephone number as an alternative means of communication.

Dated: Central Islip, New York
       October 6, 2005

**SO ORDERED**

/s/
_____
ARLENE R. LINDSAY
United States Magistrate Judge